UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

**Hauser, Inc.,**

Debtor.
_____/

Case No. 22-47028-MLO
Chapter 11
Hon. Maria L. Oxholm

# DEBTOR'S *EX-PARTE* MOTION TO SET ASIDE OR RECONSIDER CLOSING OF CASE OR, IN THE ALTERNATIVE, TO REOPEN BANKRUPTCY CASE

Hauser, Inc. ("Debtor"), for its Motion to Set Aside or Reconsider Closing of the Case or, in the Alternative, to Reopen Bankruptcy Case ("Motion") states as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are Fed. R. Civ. P. 60(a) and (b) (applicable to this matter via Fed. R. Bankr. P. 9024), Fed. R. Bankr. P. 9005, Local Rules 9024-1 and 5050-1; Section 1.2.2 of the confirmed Subchapter V Plan of Reorganization.

## Background

5. On September 7, 2023 (the "Petition Date"), Debtor filed its petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.[1]

6. Debtor timely filed its Subchapter V Plan of Reorganization ("Plan") on November 21, 2022. ECF # 42. On November 23, 2022, this Court approved the Plan for distribution to creditors and set dates and procedures for confirmation. ECF # 43.

7. The Plan was successfully confirmed on June 15, 2023. ECF # 136.

8. Under the Plan, all creditors will be paid in full.

9. The Effective Date of the Plan was July 15, 2023. Under Section 1.2.28 of the Plan, the "Effective Date" means the fifteenth day of the first month after the Confirmation Order becomes a Final Order." The Order Confirming Plan became a Final Order on June 29, 2023.

10. The Plan includes an Administrative Claims Bar Date that is "45 days after the Effective Date." Plan, § 1.2.2. Accordingly, the Administrative Claims Bar Date, which includes the deadline for filing claims for Professional Fees, is 45 days after the Effective Date, or August 29, 2023.

---

[1] Except as otherwise noted herein to the contrary, all section references are references to sections of the Bankruptcy Code.

11. In keeping with the Court's normal operating procedures, the case was set to be administratively closed sixty days after confirmation of the Plan absent the filing of an objection.

12. Debtor intended to keep the case open through the Administration Claims Bar Date and the subsequent determination of any and all timely-filed Administrative Claims. Debtor did not, however, timely file an objection to the closing of the case.

13. Debtor's undersigned counsel intends to file an Administrative Claim for incurred professional fees before the Administrative Claims Bar Date.

14. Debtor has also considering seeking additional post-confirmation relief from the Court by objecting to claims. However, Debtor believes that all matters, other than review of administrative claims, have now been fully resolved.

15. Debtor did not file an objection to the closing of the case through mistake or excusable neglect. Debtor and the undersigned counsel understood that the Administrative Claims Bar Date controlled the filing of the Administrative Claims including claims for Professional Fees, and mistakenly did not timely file an objection to the closing of the case while Debtor was focused on resolving other matters necessary to successfully implement the Plan and ensure payment of all creditors.

## Relief Requested

16.     Debtor requests that this Court set aside or reconsider the order closing the case for the sole purpose of permitting the filing of Administrative Claims up to the Administrative Claims Bar Date as set forth in the Plan, thus permitting Administrative Claims to be determined by the Court as contemplated under the Plan and as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and this Court's Local Rules.

17.     If the Court determines that setting aside or reconsidering the closing of the case is not appropriate under the applicable rules (as discussed below), Debtor, in the alternative, requests that the Court reopen this bankruptcy case.

## Basis for Relief

18.     Because the closing of the case resulted from an oversight, omission or mistake by Debtor in not timely filing an objection to the closing of the case, the order closing the case may be set aside under Fed. R. Civ. P. 60(a) or (b) (applicable to this matter via Fed. R. Bankr. P. 9024).

19.     Federal Rule 60(a) permits the Court to correct a "mistake arising from oversight or omission." Debtor submits that the lack of an objection to closing of the case was an oversight or omission within the meaning of Fed. R. Civ. P. 60(a), which may be corrected by the Court.

20. Federal Rule 60(b) permits the Court may relieve a party or its legal representative from an order due to, among other reasons, mistake, inadvertence, excusable neglect, or any other reason that justifies relief. Debtor not filing an objection to closing of the case to permit the case to remain open until the expiration of the Administrative Claims Bar Date falls under this Rule permitting the Court to set aside the order closing the case.

21. Additionally, because the setting aside of the order closing the case would have no effect on any party's substantive rights, other than the rights to file Administrative Claims (which the Debtor supports), the order closing the case may be set aside under Fed. R. Bankr. P. 9005.

22. Under Bankruptcy Rule 9005 the Court may "order the correction of any error or defect or the cure of any omission which does not affect substantial rights." The failure to timely file an objection to the closing of the case is an error or omission made by the Debtor which can be cured by the Court. No substantive rights will be affected as the relief requested merely presents Administrative Claimants to file Administrative Claims through the August 29, 2023 Administrative Claims Bar Date so that the Court may determine whether to allow or disallow the Claims as required under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and this Court's Local Rules.

23. Finally, the order closing the case may be reconsidered by this Court under Local Rule 9024-1. The Plan permits until and through August 29, 2023 for the filing of Administrative Claims. The closing of the case before this date would have the effect of preventing claimants from filing Administrative Claims that would otherwise be timely. As discussed above, this issue was not previously presented to the Court and is, therefore, valid grounds to reconsider the issuance of the order closing the case.

24. In the alternative, if the Court determines that setting aside or reconsidering the order closing the case, Debtor requests that the Court reopen the case.

25. The case should be re-opened to permit Administrative Claimants, including the undersigned, to file Administrative Claims to be reviewed by this Court. The undersigned shall pay any required reopening fees.

## **Notice**

15. Under Local Rule 5010-1, a motion to reopen a case may be filed as an *ex-parte* motion. Because Debtor's request that the order closing case has essentially the same effect as a motion to reopen, and because the relief requested is the correction of a mistake or oversight and has no substantive impact on any parties' substantive rights, Debtor submits that this relief may properly be

requested and granted on an *ex-parte* basis. If additional notice is required, Debtor will provide such notice as required by the Court.

**WHEREFORE**, Debtor respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, setting aside the order closing case. In the alternative, Debtor requests that this Court re-open the case for the purpose of permitting administrative creditors to file Administrative Claims through the Administrative Claims Bar Date.

Respectfully submitted,

WERNETTE HEILMAN PLLC

Dated: August 17, 2023  By:  /s/ Ryan D. Heilman
　　　　　　　　　　　　　　Ryan D. Heilman (P63952)
　　　　　　　　　　　　　　Attorneys for Debtor
　　　　　　　　　　　　　　40900 Woodward Ave., Suite 111
　　　　　　　　　　　　　　Bloomfield, MI 48304
　　　　　　　　　　　　　　(248) 835-4745
　　　　　　　　　　　　　　ryan@wernetteheilman.com

# EXHIBIT INDEX

| EXHIBIT 1 | Proposed Order |
|---|---|
| EXHIBIT 2 | N/A – the Motion is filed ex-parte. Debtor will send notice to creditors if required by the Court |
| EXHIBIT 3 | Brief in Support |
| EXHIBIT 4 | N/A – the Motion is filed ex-parte. Debtor will send notice to creditors if required by the Court and file a certificate of service at that time |
| EXHIBIT 5 | N/A |
| EXHIBIT 6 | N/A |

**Exhibit 1 – Proposed Order**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

**In re:**

**Hauser, Inc.,**

Debtor.
_____/

Case No. 22-47028-MLO
Chapter 11
Hon. Maria L. Oxholm

# ORDER GRANTING
# DEBTOR'S *EX-PARTE* MOTION TO
# SET ASIDE OR RECONSIDER CLOSING OF CASE OR,
# IN THE ALTERNATIVE, TO REOPEN BANKRUPTCY CASE

Upon Debtor's Motion to Set Aside or Reconsider Closing of the Case or, in the Alternative, to Reopen Bankruptcy Case ("Motion")[1]; it appearing that the relief requested does not affect any parties' substantive rights; the relief requested being permitted on an *ex-parte* basis under Local Rule 5010-1; and after due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED**:

1. The Motion is **GRANTED** as set forth below.

2. The final decree administratively closing this case is hereby set aside.

3. The case shall remain open until August 29, 2023, the date set in the Plan as the Administrative Claims Bar Date. If no Administrative Claims are filed on or before August 29, 2023, the case shall be promptly closed.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

4. If Administrative Claims are filed on or before August 29, 2023, the case shall remain open until the Court has reviewed and entered an order allowing or disallowing the Administrative Claims, and then shall be promptly closed.

Exhibit 3 - Brief in Support

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

**In re:**

**Hauser, Inc.,**

Debtor.
_____/

Case No. 22-47028-MLO
Chapter 11
Hon. Maria L. Oxholm

## BRIEF IN SUPPORT OF
## DEBTOR'S EX-PARTY MOTION TO
## SET ASIDE OR RECONSIDER CLOSING OF CASE OR,
## IN THE ALTERNATIVE, TO REOPEN BANKRUPTCY CASE

Hauser, Inc. ("Debtor"), in support of its motion ("Motion") to set aside or reconsider closing of the case or, in the alternative, to reopen the bankruptcy case, relies on Fed. R. Civ. P. 60(a) and (b) (applicable to this matter via Fed. R. Bankr. P. 9024), Fed. R. Bankr. P. 9005, Local Rules 9024-1 and 5050-1; Section 1.2.2 of the confirmed Subchapter V Plan of Reorganization, as well as the facts and discussion as set forth in the Motion.

**WHEREFORE**, Debtor respectfully requests that the Court grant the Motion and set aside the order closing case or re-open the case for the purpose of permitting administrative creditors to file Administrative Claims through the Administrative Claims Bar Date.

Respectfully submitted,

WERNETTE HEILMAN PLLC

Dated: August 17, 2023   By:   /s/ Ryan D. Heilman
                              Ryan D. Heilman (P63952)
                              Attorneys for Debtor
                              40900 Woodward Ave., Suite 111
                              Bloomfield, MI 48304
                              (248) 835-4745
                              ryan@wernetteheilman.com